IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 01-CR-03-TCK |
| | ) | |
| FRANCINE CURTIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 148), filed April 14, 2003, by Defendant Francine Loretta Curtis. Plaintiff United States of America filed a response brief (Dkt. # 155). Defendant filed a reply (Dkt. # 156). On September 12, 2005, Defendant filed a motion for relief from sentence pursuant to Fed. R. Civ. P. 60(b) (Dkt. # 178) and a motion for leave to petition for reduction of sentence pursuant to Rule 9(a) of the Rules Governing § 2255 proceedings (Dkt. # 185). Defendant provided a copy of her proposed 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence along with her motions. In addition, Defendant filed a motion for appointment of counsel (Dkt. # 179), and a motion for the status of the motion for appointment of counsel (Dkt. # 184). Most recently, Defendant filed an "addendum" (Dkt. # 186) to her motion for leave to petition for reduction of sentence pursuant to Rule 9(a).

As a preliminary matter, the Court exercises its discretion to deny Defendant's motion for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See <u>Swazo v. Wyoming Department of Corrections</u>, 23 F.3d 332 (10th Cir. 1994). Based on the Court's decision to decline Defendant's request for appointment of counsel, Defendant's motion for status of the motion for appointment of counsel has been rendered moot and shall be denied on that basis.

## BACKGROUND

Defendant and her co-defendants, Andre Curtis and Jackie Lee Wayne Rice, were charged, on December 22, 2000, in a two-count complaint (Dkt. # 1) with Robbery and Possession of a Firearm During the Commission of a Felony. A 16-count indictment (Dkt. # 16) was filed January 11, 2001, charging Defendant and her co-defendants with several robberies and possession of a firearm during the commission of those robberies. On March 22, 2001, Defendant entered guilty pleas to Count 3, Interference with Interstate Commerce and Aiding and Abetting (committed during the robbery of the Fresh Kicks clothing store on December 12, 2000); Count 15, Interference with Interstate Commerce and Aiding and Abetting (committed during the robbery of Mike's Grocery on December 21, 2000); and Count 16, Possession of a Firearm During the Commission of a Crime of Violence and Aiding and Abetting (committed during the robbery of Mike's Grocery). During the change of plea hearing, Defendant admitted her role in the robberies and that the robberies took place in Tulsa, Oklahoma, within the jurisdiction of the Northern District of Oklahoma. See Dkt. # 155, attachment A at 17-25. In addition, as part of her plea agreement, see Dkt. # 155, attachment 2, Defendant agreed to waive her appellate rights, including any and all collateral attacks, except for claims of ineffective assistance of counsel and claims contesting sentencing issues arising from a misapplication of the sentencing guidelines. In exchange, the United States agreed to, *inter alia*, dismiss the remaining counts against Defendant in Case No. 01-CR-03-TCK.

On July 2, 2001, the Court accepted the Presentence Report ("PSR") as its finding of fact. Defendant was sentenced to 78 months imprisonment as to Counts 3 and 15, to be served concurrently, and to 84 months imprisonment as to Count 16, to be served consecutive to Counts

3 and 15, for a total of 162 months imprisonment.[1]  Defendant was also ordered to pay restitution in a total amount of $450.  Terms of supervised release were entered as follows: three (3) years for Counts 3 and 15, five (5) years for Count 16, all to run concurrently.  Judgment (Dkt. # 53) was entered July 12, 2001.

Defendant did not file a direct appeal and did not attempt to seek relief under 28 U.S.C. § 2255 until September 12, 2005, when she filed her motions for relief from sentence pursuant to Fed. R. Civ. P. 60(b) and pursuant to Rule 9(a) of the § 2255 rules.

### *ANALYSIS*

### A.  Motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2)

In her motion for relief under 18 U.S.C. § 3582(c)(2), Defendant requests that her sentence of 162 months be reduced to 78 months.  She asserts that the requested relief is warranted because she is entitled to the retroactive application of Amendments 599 and 613 to the Sentencing Guidelines.  She also requests resentencing because her conviction on Count 16 was erroneous.  In response to Defendant's motion, the United States asserts that Defendant's motion should be denied because Amendment 599 was in effect and used in determining Defendant's sentence.  Furthermore, the United States argues that the Court lacks jurisdiction to resentence Defendant pursuant to the argument asserted in the motion filed under § 3582(c)(2).

---

[1] The PSR reflects that because a firearm was otherwise used during the Fresh Kicks robbery, a six (6) level increase was given for specific offense characteristics pursuant to U.S.S.G. § 2B3.1(b)(2) in determining the adjusted offense level for Count 3.  In contrast, because the charge based on violation of 18 U.S.C. § 924(c) (Count 16) related to the robbery of Mike's Grocery, a specific offense characteristics increase was not given in calculating the adjusted offense level for Count 15, in compliance with Application Note 2 of U.S.S.G. § 2K2.4.

The Court finds that Defendant is not entitled to sentence reduction under 18 U.S.C. § 3582(c)(2). Under the facts of this case, the viability of Defendant's motion for sentence reduction depends entirely on the applicability of 18 U.S.C. § 3582(c). That section provides that a "court *may not* modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c) (emphasis added). First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant in this case argues that under 18 U.S.C. § 3582(c)(2), she is entitled to resentencing based on a subsequent amendment to the guidelines. However, Defendant's premise is erroneous because Amendment 599 had an effective date of November 1, 2000, see Dkt. # 155, attachment E, and was already in effect and applied correctly in the calculation of Defendant's sentence. As indicated above, the Court accepted the PSR as its finding of fact at Defendant's sentencing hearing. The Court has reviewed the PSR prepared May 16, 2001, for Defendant. The PSR confirms that United States Probation Officer used the 2000 edition of the Guidelines Manual in making the guideline computations. The section of the guidelines applicable to Defendant's conviction on Count 16 is §2K2.4. The Commentary in the 2000 edition of the Guidelines Manual

references Amendment 599. As a result, Amendment 599 was part of §2K2.4 at the time of the guideline computation used in Defendant's sentencing and Defendant cannot argue that she is entitled to resentencing because her sentence range was subsequently lowered as the result of an amendment to the Sentencing Guidelines. Therefore, Defendant's request for resentencing based on Amendment 599 shall be denied.

The Court further finds that Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2) based on Amendment 613. As discussed above, section 3582(c)(2) can only apply if Defendant's term of imprisonment is based on a sentencing range subsequently reduced by the Sentencing Commission, and the reduction is consistent with the applicable policy statement. Sentencing Guideline § 1B1.10(c), which contains the applicable policy statement, explicitly states which amendments are covered, and does not include Amendment 613. See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003). For that reason alone, Defendant is precluded from any relief based on application of Amendment 613. Therefore, the Court concludes Defendant's request for sentence reduction based on Amendment 613 shall be denied.

Defendant also requests resentencing based on alleged misapplication of the Sentencing Guidelines by the Court. Her request is premised on her argument that since she never actually carried or used any weapon, her conviction under 18 U.S.C. § 924(c) on Count 16 is erroneous. However, the Court lacks jurisdiction to consider Defendant's request for resentencing under § 3582(c)(2). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). As discussed above, Defendant seeks resentencing under 18 U.S.C. § 3582(c)(2). Nothing in that section authorizes the Court to modify Defendant's previously

5

imposed sentence based on Defendant's allegation that the Sentencing Guidelines were erroneously applied.

On February 24, 2005, Defendant filed an "addendum to motion § 3582(c) to eliminate enhancements due to U.S.S.G. structural errors and reduce sentence" (Dkt. # 166). The pleading was unsigned. One day later, on February 25, 2005, Defendant filed a signed version of the "addendum." (Dkt. # 167). In the addendum, Defendant asserts that she is entitled to a reduced sentence "[d]ue to the fact that Sixth Amendment Rights were violated by the District Court imposing enhancements under the United States Sentencing Guidelines based on the sentencing judge's determinations of the facts that were not found by the jury or admitted by the petitioner Francine L. Curtis." See Dkt. # 167. In support of her request, Defendant cites United States v. Booker, 543 U.S. 220 (2005).

The Booker rule, generally requiring that facts supporting enhanced sentence be proved to a jury or admitted by a defendant, does not apply retroactively to cases on collateral review. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Booker is inapplicable to § 3582(c)(2) motions). Therefore, the Booker ruling does not provide a basis for Defendant's requested sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (Booker does not support request for sentence reduction under § 3582(c)(2) since any lowering of the sentencing range resulting from the opinion was done by the Supreme Court, not the Sentencing Commission). Defendant's request for sentence reduction under § 3582(c) based on Booker shall be denied.

**B. Motions for relief under Fed. R. Civ. P. 60(b) and for leave to file petition for reduction of sentence pursuant to Rule 9(A) of *Rules Governing § 2255 Motions***

On September 12, 2005, Defendant filed a motion for relief from sentence under Rule 60(b) of the Federal Rules of Civil Procedure (Dkt. # 178). Attached to the Rule 60(b) motion was a "motion for leave to petition for reduction of sentence pursuant to Rule 9(A) of 2255 rules" (Dkt. # 185) along with a proposed motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court shall adjudicate the motion for leave to petition for reduction of sentence as a motion for leave to file a 28 U.S.C. § 2255 motion out of time.

In the motion for relief from sentence pursuant to Fed. R. Civ. P. 60(b), Defendant states that Rule 60(b) provides the "right to entertain a new action to relieve a party from a judgment." See Dkt. # 178. However, in the context of a criminal conviction, a motion pursuant to 28 U.S.C. § 2255 provides the "*exclusive* remedy for testing the validity of a judgment and sentence." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added). Unless the remedy provided by § 2255 is inadequate or ineffective, it is the exclusive remedy for testing the legality of the detention. 28 U.S.C. § 2255; see also Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). As a result, the Court lacks jurisdiction to consider Defendant's motion under Fed. R. Civ. P. 60(b).

To the extent Defendant seeks leave to file a 28 U.S.C. § 2255 motion out of time, pursuant to either Fed. R. Civ. P. 60(b) or Rule 9(a) of the *Rules Governing Section 2255 Proceedings*, the Court finds Defendant's requests shall be denied. Based on her arguments, it is clear Defendant recognizes the time constraints imposed by 28 U.S.C. § 2255. Specifically, 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1)     the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  In this case, Defendant's conviction became final on July 22, 2001, when she failed to file a Notice of Appeal within ten (10) days of the entry of Judgment on July 12, 2001.  See Fed. R. App. P. 4(b)(1)(A)(i) (requiring a Notice of Appeal to be filed within ten (10) days of entry of judgment).  Therefore, she had one (1) year from July 22, 2001, or until July 22, 2002, to file a timely § 2255 motion.

As stated above, Defendant filed her motions seeking leave to file her proposed § 2255 motion on September 12, 2005, or more than three (3) years beyond her deadline for filing a timely § 2255 motion.  As a result, Defendant will be allowed to file her proposed § 2255 motion only if she demonstrates entitlement to equitable or statutory tolling of the limitations period.  Defendant, aware of the time limitations on § 2255 motions, argues that pursuant to Rule 9(a), "a motion for such relief may be made at any time."  However, Defendant's reliance on Rule 9(a) is misplaced. The language cited by Defendant appears only in the Advisory Committee Notes to Rule 9 and pertains to the 1976 adoption of the *Rules Governing Section 2255 Proceedings*.  Significantly, Rule 9 was amended, effective December 1, 2004, to delete subsection (a) as unnecessary in light of the applicable one-year statute of limitations for § 2255 motions.  The one-year limitations period went into effect upon enactment of the AEDPA on April 24, 1996.  Thus, Defendant was required to

comply with the limitations provisions of § 2255 and was required to file her § 2255 motion on or before July 22, 2002.

Defendant also states in her motion for leave to file a § 2255 motion that her "delay is excusable and non-prejudicial to the Government therefore the time bar is inoperable." (Dkt. # 185 at 3). However, Defendant fails to explain why the more than three (3) year delay in seeking relief under § 2255 is "excusable." Defendant indicates she challenges her "enhanced sentence and the additional reasons in lieu of the Supreme Court findings on January 12, 2005," in United States v. Booker, and United States v. Fanfan, 543 U.S. 220 (2005). To the extent Defendant relies on the issuance of the Supreme Court's opinion to reset her limitations period, the Court rejects the argument. Defendant's argument fails because the Supreme Court's holding in Booker has not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 543 U.S. at 268. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions). Therefore, Booker does not serve as a basis for restarting Defendant's statute of limitations.

On April 7, 2006, Defendant filed an "addendum" (Dkt. # 186) to her motion for leave to file a § 2255 motion under Rule 9(a). In the addendum, Defendant argues her conviction should be dismissed "because of the lack of exclusive jurisdictional authority over the exact geographical

9

location where the alleged criminal activity mentioned in the indictment took place." See Dkt. # 186. The additional arguments asserted by Defendant in the addendum reflect a profound misunderstanding of the procedural posture of this matter. Defendant refers to herself more than once as "the accused." See Dkt. # 186 at 1, 5. Defendant also contends that she is being denied her right to a speedy public trial by an impartial jury. See id. at 8-9. However, Defendant was convicted on her pleas of guilty to the offenses charged in Counts 3, 15, and 16 of the indictment. Thus, Defendant is no longer "the accused." She has been convicted. Furthermore, by entering pleas of guilty, Defendant waived her right to jury trial. Nothing in the "addendum" filed April 7, 2006, convinces the Court that Defendant should be allowed to file her proposed § 2255 motion more than three (3) years beyond the statute of limitations deadline.

Based on the above considerations, the Court finds the proposed 28 U.S.C. § 2255 motion would be time-barred and Defendant has failed to convince the Court that she is entitled to equitable or statutory tolling of the one-year limitations period contained in § 2255. Therefore, Defendant's motions for leave to file a 28 U.S.C. § 2255 motion out of time shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Defendant's motion for appointment of counsel (Dkt. # 179) is **denied**.
2. Defendant's motion for status of motion for appointment of counsel (Dkt. # 184) is **declared moot**.
3. Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 148) is **denied**.

4.   Defendant's motion for relief from sentence pursuant to Fed. R. Civ. P. 60(b) (Dkt. # 178), adjudicated as a motion for leave to file a 28 U.S.C. § 2255 motion, is **denied**.

5.   Defendant's "motion for leave to petition for reduction of sentence pursuant to Rule 9(A) of 2255 rules" (Dkt. # 185), adjudicated as a motion for leave to file a 28 U.S.C. § 2255 motion, is **denied**.

SO ORDERED THIS 26th day of April, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE