IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>              Plaintiff, )<br>              )<br>vs. )<br>              )<br>FRANCINE CURTIS, )<br>              )<br>              Defendant. ) | Case No. 01-CR-03-TCK<br>(07-CV-454-TCK-SAJ) |

**OPINION AND ORDER**

On June 19, 2006, Defendant Francine Curtis, a federal inmate appearing *pro se*, filed a pleading entitled "motion for documentation and conclusion of law of jurisdiction, reasoning and conclusions of law of denying inspection of grand jury list, providing proof of subject matter" (Dkt. # 188). By Order filed August 6, 2007 (Dkt. # 206), the Court determined that 28 U.S.C. § 2255 provides the exclusive remedy for the claims raised in Defendant's motion. Because Defendant had not previously filed a 28 U.S.C. § 2255 motion, the Court provided notice to Defendant of its intent to recharacterize the motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and provided Defendant with the opportunity to file an amended motion to raise all of her § 2255 claims. The Court also directed Defendant to show cause why her § 2255 motion should not be time barred. On August 20, 2007, Defendant filed her amended motion (Dkt. # 209). For the reasons discussed below, the Court finds Defendant's § 2255 motion, as amended, is barred by the statute of limitations. For that reason, the motion, as amended, shall be dismissed with prejudice.

***BACKGROUND***

Defendant and her co-defendants, Andre Curtis and Jackie Lee Wayne Rice, were charged, on December 22, 2000, in a two-count complaint (Dkt. # 1) with Robbery and Possession of a Firearm During the Commission of a Felony.  A 16-count indictment (Dkt. # 16) was filed January 11, 2001, charging Defendant and her co-defendants with several robberies and possession of a firearm during the commission of those robberies.  On March 22, 2001, Defendant entered guilty pleas to Count 3, Interference with Interstate Commerce and Aiding and Abetting (committed during the robbery of the Fresh Kicks clothing store on December 12, 2000); Count 15, Interference with Interstate Commerce and Aiding and Abetting (committed during the robbery of Mike's Grocery on December 21, 2000); and Count 16, Possession of a Firearm During the Commission of a Crime of Violence and Aiding and Abetting (committed during the robbery of Mike's Grocery). During the change of plea hearing, Defendant admitted her role in the robberies and that the robberies took place in Tulsa, Oklahoma, within the jurisdiction of the Northern District of Oklahoma.  See Dkt. # 155, attachment A at 17-25.  In addition, as part of her plea agreement, see Dkt. # 155, attachment 2, Defendant agreed to waive her appellate rights, including any and all collateral attacks, except for claims of ineffective assistance of counsel and claims contesting sentencing issues arising from a misapplication of the sentencing guidelines. In exchange, the United States agreed to, *inter alia*, dismiss the remaining counts against Defendant in Case No. 01-CR-03-TCK.

Defendant was sentenced to 78 months imprisonment as to Counts 3 and 15, to be served concurrently, and to 84 months imprisonment as to Count 16, to be served consecutive to Counts 3 and 15, for a total of 162 months imprisonment.  Defendant was also ordered to pay restitution in a total amount of $450. Terms of supervised release were entered as follows: three (3) years for Counts 3 and 15, five (5) years for Count 16, all to run concurrently. Judgement (Dkt. # 53) was

entered on July 12, 2001. Defendant did not file a direct appeal.

On April 14, 2003, Defendant filed a "motion to reduce sentence pursuant to 18 U.S.C. § 3582" (Dkt. # 148). On September 12, 2005, she filed motions for relief from sentence pursuant to Fed. R. Civ. P. 60(b) (Dkt. # 178) and pursuant to Rule 9(a) of the § 2255 rules (Dkt. # 185). By Order filed April 27, 2006 (Dkt. # 187), the Court denied Defendant's § 3582(c) motion, and adjudicated the motion for leave to petition for reduction of sentence pursuant to Rule 9(a) as a motion for leave to file a 28 U.S.C. § 2255 motion out of time. After determining that the proposed § 2255 motion would be time-barred and that Defendant had failed to convince the Court that she should be allowed to file the motion more than three (3) years beyond the deadline, the Court denied Defendant's requests to file a § 2255 motion out of time. See Dkt. # 187. Defendant did not appeal that ruling.

On June 19, 2006, Defendant filed the motion (Dkt. # 188) presently before the Court. Pursuant to the Court's directive, she has also filed an amended motion (Dkt. # 209). For the reasons discussed below, the Court finds Defendant's effort to seek relief from her sentence under § 2255 is barred by the statute of limitations.

## *ANALYSIS*

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by

> the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Upon review of Defendant's § 2255 motion, the Court finds that under § 2255(1), this motion is barred by the statute of limitations. Defendant's conviction became final on or about July 26, 2001, after she failed to file a notice of appeal within ten (10) days of the entry of the Judgment. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Nelson, 465 F.3d 1145, 1146 (10th Cir. 2006). Pursuant to § 2255(1), Defendant's § 2255 motion had to be filed on or before July 26, 2002, to be timely. Defendant did not file her § 2255 motion until June 19, 2006, or almost four (4) years beyond the deadline. As a result, unless Defendant is entitled to statutory or equitable tolling, her motion is time-barred.

In the Order providing notice to Defendant that her motion would be adjudicated as a § 2255 motion, the Court directed Defendant to show cause why her motion was not barred by the statute of limitations. In response, Defendant identifies three (3) reasons why her motion is not time-barred, as follows:

1. I was denied access to the courts for nine months. I was in the county jail. I was locked in a cell for 24/7 a day.
2. My counsel was ineffective for not informing me of the § 2255 one year period limitation.
3. My counsel was also not concerned about communicating with me to keep me informed of the aforementioned.

(Dkt. # 209 at 11). In her amended motion, Defendant asserts that she is entitled to relief from the judgment entered in this matter because (1) she received ineffective assistance of counsel, (2) this Court misapplied the Sentencing Guidelines, (3) the government engaged in vindictive prosecution,

and (4) the Court lacked jurisdiction. (Dkt. # 209).

The Court finds Defendant has failed to establish that she is entitled to statutory or equitable tolling of the limitations period. The facts supporting each of Defendant's claims, including her claims of ineffective assistance of counsel, could have been discovered through the exercise of due diligence at any time after her conviction became final. Stated another way, Defendant raises nothing in the instant motion that could not have been raised before expiration of the one-year limitations period. Defendant's arguments that she did not know about the limitations period and her attorney failed to inform her of its existence do not entitle her to an extension of the one-year period. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotations omitted). Furthermore, Defendant is not entitled to additional time based on her generalized claim that she had no access to legal materials or the courts while incarcerated at a county jail.  A generalized claim of insufficient access to relevant law is not enough to support equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In sum, the Court finds that Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller, 141 F.3d at 978).  Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted).

***CONCLUSION***

Defendant is not entitled to either statutory or equitable tolling of the limitations period. Therefore, her § 2255 motion, as amended, filed almost four (4) years beyond the deadline, is barred by the statute of limitations. The motion, as amended, shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 188), as amended (Dkt. # 209), is **dismissed with prejudice** as time-barred.

DATED THIS 16th day of October, 2007.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE